[Cite as *Cleveland v. Smith*, 2026-Ohio-2611.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellant | : | |
| | : | No. 115591 |
| v. | : | |
| ANNETTE SMITH, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 9, 2026

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-TRC-013036

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Michael Ferrari, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant the City of Cleveland ("City") appeals the granting of defendant-appellee Annette Smith's ("Smith") motion to dismiss for violating her right to a speedy trial. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} As a preliminary matter, we note that the following recitation of facts is based solely on the limited record before us.

{¶ 3} On August 18, 2024, Smith was involved in a motor vehicle accident and arrested for operating her vehicle while under the influence of alcohol or drugs in violation of Cleveland Cod.Ord. 433.01(a)(6). A complaint was filed for the first-degree misdemeanor in Cleveland Municipal Court on August 21, 2024. On August 23, 2024, Smith pleaded not guilty and filed a request for discovery. A pretrial was scheduled for September 10, 2024. Several judgment entries filed between September 10, 2024, and January 28, 2025, indicate that the matter was continued until April 8, 2025, when Smith's trial was scheduled, at Smith's request. No other details, including case updates or the grounds for the continuances, are provided in those judgment entries.

{¶ 4} On April 3, 2025, the City filed a motion to amend Smith's traffic citation and subpoenas for the upcoming trial. A judgment entry issued April 8, 2025, indicated that the trial was continued at Smith's request and rescheduled for a pretrial and motion hearing on April 23, 2025. On April 23, 2025, the City's motion to amend was denied and the pretrial was continued until April 29, 2025 at the City's request.

{¶ 5} That same day, Smith filed a motion to dismiss on speedy-trial grounds. Therein, Smith argued that she was statutorily required to be brought to trial within

90 days of her arrest. Smith asserted that 249 days passed since her arrest, and the City could not point to anything that would toll the speedy-trial clock.

{¶ 6} A judgment entry issued April 29, 2025, indicated that the denial of the City's motion to amend was vacated and the motion was to be held in abeyance. The judgment entry further indicated that the matter was continued at the City's request to May 22, 2025, when a pretrial and hearing on the motions to amend and dismiss would be held. On May 22, 2025, the matter was continued at the City's request to June 10, 2025.

{¶ 7} On June 9, 2025, the City filed a brief in opposition to Smith's motion to dismiss. The City countered that the speedy-trial clock was tolled throughout the case's pendency and only 6 or 26 days had elapsed.

{¶ 8} A judgment entry issued June 10, 2025, indicated that plea negotiations were had and the hearing on Smith's motion to dismiss was continued to June 25, 2025, at Smith's request. The matter was continued twice at the court's request, and a pretrial was ultimately scheduled for July 31, 2025. The pretrial was continued to August 5, 2025, at Smith's request, because defense counsel was involved in a jury trial. A judgment entry issued August 6, 2025, indicated that the matter was continued to August 20, 2025, at the court's request. The judgment entry noted that the trial court was "recovering missing transcripts."

{¶ 9} On August 20, 2025, the trial court granted Smith's motion to dismiss on speedy-trial grounds. The journal entry noted, "Oral argument had — findings and conclusions announced on the record."

**{¶ 10}** The City appealed the dismissal of Smith's case, noting that complete transcripts under App.R. 9(B) were necessary to resolve its appeal. However, this court sua sponte converted the record to an App.R. 9(A) record since App.R. 9(B) transcripts were never filed. The City subsequently filed its appellate brief, raising a single assignment of error for this court's review.

**Assignment of Error**

The City did not violate [Smith's] right to speedy trial.

## II. Law and Analysis

**{¶ 11}** In its sole assignment of error, the City argues that Smith's right to a speedy trial was not violated because her request for discovery operated as a tolling event.

**{¶ 12}** "'Ohio's speedy trial statute[s were] implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I, of the Ohio Constitution.'" (Bracketed text in original.) *Cleveland v. Thurman*, 2023-Ohio-301, ¶ 16 (8th Dist.), quoting *Brecksville v. Cook*, 75 Ohio St.3d 53 (1996). Turning to those statutes, R.C. 2945.71 designates the time requirements for the prosecution to bring an accused to trial while R.C. 2945.72 establishes the circumstances that may extend, or toll, those time limits. R.C. 2945.71(B)(2) provides:

> [A] person against whom a charge of misdemeanor . . . is pending in a court of record, shall be brought to trial . . . [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is

a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

{¶ 13} The clock begins to run the day after the defendant's arrest; the date of arrest is not counted when calculating speedy-trial time. *Westlake v. Collins*, 2019-Ohio-453, ¶ 16 (8th Dist.), citing *State v. Wells*, 2013-Ohio-3722, ¶ 44 (8th Dist.). Once the statutory time limit expires, the defendant establishes a prima facie case for dismissal and the burden shifts to the prosecution to demonstrate that sufficient time was tolled under R.C. 2945.72. *S. Euclid v. Schutt*, 2020-Ohio-3661, ¶ 18 (8th Dist.), citing *State v. Willis*, 2019-Ohio-537, ¶ 25 (8th Dist.), citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31 (1986).

{¶ 14} R.C. 2945.72 provides that the 90-day timeframe within which a defendant charged with a misdemeanor must be brought to trial may be extended only by the following:

> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against the accused, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure availability of the accused;
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which the accused's mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
>
> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon the accused's request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending;

(J) Any period during which an appeal or petition for a writ filed pursuant to section 2930.19 of the Revised Code is pending.

Additionally, a defendant's demand for discovery tolls speedy-trial time until the prosecution responds or a "reasonable response time" — which is determined on a case-by-case basis but is generally interpreted to mean 30 days by this court — has elapsed, whichever occurs first. *Collins* at ¶ 18, citing *State v. Burks*, 2018-Ohio-4777 (8th Dist.), and *State v. Pirkel*, 2010-Ohio-1858, ¶ 17 (8th Dist.).

{¶ 15} Finally, we note that continuances ordered sua sponte or granted at the prosecution's request must be reasonable and necessary to toll speedy-trial time. *State v. Knott*, 2024-Ohio-2289, ¶ 23 (2d Dist.). For a continuance to toll speedy-trial time in either instance, "[t]he record must reflect that the continuance was 'reasonable in both purpose and length.'" *State v. Martin*, 56 Ohio St.2d 289, 293

(1978), quoting *Lee* at 210. It is also well-established that "[a] sua sponte continuance must be properly journalized before the expiration of the speedy-trial period and must set forth the court's reasons for the continuance." *Wells* at ¶ 46, citing *Pirkel* at ¶ 16; *State v. King*, 70 Ohio St.3d 158 (1994); *State v. Mincy*, 2 Ohio St.3d 6 (1982); *State v. Lee*, 48 Ohio St.2d 208, 209 (1976) ("The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose.").

{¶ 16} When reviewing a speedy-trial question, this court must construe the speedy-trial statutes strictly against the prosecution, count the number of delays chargeable to each side, and then determine whether the number of days not tolled exceeded the time limits prescribed by R.C. 2945.71. *State v. Ferrell*, 2010-Ohio-2882, ¶ 20 (8th Dist.), citing *State v. Barnett*, 2003-Ohio-2014, ¶ 7 (12th Dist.), and *Brecksville v. Cook*, 75 Ohio St.3d 53 (1996). Since a trial court's speedy-trial ruling presents a mixed question of law and fact, appellate courts apply a de novo standard of review to legal issues but afford great deference to any findings of fact made by the trial court — so long as they are supported by competent and credible evidence. *Wells* at ¶ 28 (8th Dist.), citing *State v. Borrero*, 2004-Ohio-4488, ¶ 10 (8th Dist.), and *State v. Barnes*, 2008-Ohio-5472, ¶ 17 (8th Dist.). "'An appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record.'" *Strongsville*

*v. Smith*, 2026-Ohio-469, ¶ 24 (8th Dist.), quoting *State v. Ramey*, 2012-Ohio-2904, ¶ 33.

{¶ 17} On appeal, the City asserts that it provided discovery to Smith in a reasonable amount of time — albeit beyond the "typical" 30-day guideline — considering the various records, videos, and formats involved. To support its argument, the City cites various transcripts from pretrials held between September 10, 2024, and January 28, 2025. However, the record does not include any transcripts despite the City's reliance upon them throughout its appellate brief. Nor does the record contain any information related to the discovery issues discussed by the City.

{¶ 18} "When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record." *AAA All City Heating v. New World Communications of Ohio, Inc.*, 2004-Ohio-5591, ¶ 59 (8th Dist.), citing *Volodkevich v. Volodkevich,* 48 Ohio App.3d 313, 314 (9th Dist. 1989). It is the appellant's duty to provide a reviewing court with the record of the facts, testimony, and evidentiary materials necessary to support the assignments of error raised on appeal. *Id.*, citing, *id.*, and App.R. 9(B) and 10(A). Where an appellant fails to provide the reviewing court with all parts of the record essential to the appeal's determination, a presumption of regularity attaches to the trial court's proceedings. *Id.*, citing *id.*

{¶ 19} Here, the duty to provide transcripts for appellate review falls squarely upon the City. Since the App.R. 9(B) transcripts were never filed, the record was

converted sua sponte to an App.R. 9(A) record, which includes only the original papers and exhibits filed in the trial court and certified copies of the docket and journal entries.

{¶ 20} Turning to the limited record before us, we note that the judgment entries entered between September 10, 2024, and January 28, 2025, attribute several continuances to Smith without indicating why they were necessary. Absent any information regarding the reasons for those continuances, the trial court may have imputed any delays related to the natural progression of the case solely to Smith. These judgment entries also reveal that Smith's trial was first scheduled for April 8, 2025, 232 days after Smith's arrest and a date well-beyond the R.C. 2945.71(B)(2)'s 90-day mandate. Again, the record before this court is silent as to the reasons why trial was scheduled beyond the speedy-trial timeframe. Moreover, subsequent journal entries indicate that the matter was continued at the City's or trial court's requests but omit information regarding their grounds. Therefore, the reasonableness of those continuances is not affirmatively demonstrated by the record before us.

{¶ 21} A hearing on Smith's motion to dismiss was held. According to the August 20, 2025 journal entry granting Smith's motion, the trial court's findings and conclusions were announced in open court. We do not have the benefit of reviewing those factual findings and must presume regularity with the trial court's conclusion: Smith's right to a speedy trial was violated since she was not brought to trial within 90 days after her arrest, as required by R.C. 2945.71(B)(2). Based on the limited

record before us and construing any ambiguity against the City, we cannot say that dismissal of the case — which occurred 366 days after Smith's arrest irrespective of any tolling events — was improper.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

DEENA R. CALABRESE, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, P.J., CONCURRING WITH SEPARATE OPINION:

{¶ 23} I concur with the majority's decision to affirm the trial court's dismissal of the charges due to a speedy-trial violation.

{¶ 24} In this appeal, we were asked to determine whether the trial court abused its discretion in granting Smith's motion to dismiss based on the claimed violation of her right to a speedy trial. The trial court's docket contains several journal entries attributing continuances to Smith, but none of those journal entries

explain the reasons for the continuances. Some of the requests allegedly resulted from the City's delay in responding to discovery, but the docket does not provide any information regarding the causes of the delay or why the continuances were necessary. A proper journalization of the reasons for each continuance is necessary for a meaningful review of the record to determine the reasonableness of the delay. *See, e.g.*, *State v. Marbury*, 2011-Ohio-879, ¶ 22 (2d Dist.) ("The journalization of reasons is necessary to permit the appellate court to determine whether, on the accused's claim that his statutory speedy trial rights were violated, the period of delay resulting from the sua sponte continuance was nevertheless 'reasonable.'").

{¶ 25} The trial court did not provide an explanation in its judgment entry as to why it granted Smith's motion to dismiss. The August 20, 2025 journal entry states that the court's findings of fact and conclusions of law were announced in open court and on the record. Yet, the City failed to file a transcript of the hearing on Smith's motion, which would have contained all of the parties' arguments, any sworn testimony, and the court's reasons for granting the motion. Without a transcript, our hands are tied and we have no choice but to presume regularity in the court's decision and affirm the trial court's judgment.